[Civ. No. 2222. First Appellate District.—March 26, 1918.]

UNION MACHINE COMPANY (a Corporation), Respondent, v. CHICAGO BONDING AND SURETY COMPANY (a Corporation), Appellant.

LIEN—REPAIR WORK ON DREDGER—RETENTION OF POSSESSION.—Under sections 3049 and 3051 of the Civil Code, a machine company doing repair work on a dredger and making certain new parts therefor is entitled, where part of the work under its contract has been performed, to retain possession of the undelivered part of the work until the purchase price of all the work has been paid.

ID.—DELIVERY OF POSSESSION—GUARANTY OF PAYMENT—SUFFICIENCY OF
CONSIDERATION.—Where, under such a contract, the machine company
refused to install the balance of the work until the full price was
paid, and the dredging company being unable to make payment, pre-
vailed upon the former to complete the work upon the execution by
a bonding company of a guaranty of payment, the delivery of the
articles without receiving payment was a good consideration for the
guaranty.

FRIVOLOUS APPEAL—PENALTY.—Where an appeal is not taken in good
faith, but for the purposes of delay, the court should exercise its
power of imposing a penalty upon the appellant for an abuse of the
right of appeal.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Bernard J. Flood,
Judge.

The facts are stated in the opinion of the court.

Watt, Miller, Thornton & Watt, for Appellant.

Cushing & Cushing, and Wm. S. McKnight, for Respond-
ent.

KERRIGAN, J.—This is an appeal from a judgment in
favor of the plaintiff upon a guaranty executed by the de-
fendant.

The appeal is without merit. The facts are briefly these:
Plaintiff entered into a contract with the Western Reclama-
tion Company to make certain repairs on and to construct
new parts for a dredger. Part of the work under the con-
tract had been performed, and plaintiff was entitled to the
contract price therefor. When the balance of the work was
ready for delivery the plaintiff refused to install the same
until it should be paid in full for all the work. The West-
ern Reclamation Company was unable to make payment at
the time, and prevailed upon the plaintiff to perform the
balance of the work upon the execution by the defendant of
a written instrument by the terms of which the latter guar-
anteed the payment of all bills against the Western Reclama-
tion Company for the work done on the dredger under the
contract, the same to be paid at stated periods.

We do not doubt that the plaintiff had a perfect right to
retain possession of the undelivered part of the work until

the purchase price of all the work was paid. (Civ. Code, secs. 3049 and 3051.) It follows that by the delivery of the articles in question without receiving payment, in reliance upon the security of the guaranty, plaintiff suffered a detriment which was a good consideration for the guaranty. Moreover, at the time and as a part of the transaction just noted plaintiff agreed to extend the time of payment for the articles mentioned in the contract, which we think furnished an additional and distinct consideration for the guaranty sufficient of itself to support the same.

We cannot escape the conviction that the present appeal was not taken in good faith but for the purposes of delay, and that the court should exercise its power of imposing a penalty upon the appellant for what it deems an abuse of the right of appeal. The judgment is affirmed, and it is ordered that the appellant pay to the respondent the sum of fifty dollars as damages for the taking and prosecuting of a frivolous appeal.

Zook, J., *pro tem.*, and Beasly, J., *pro tem.*, concurred.