[L. A. No. 7281. In Bank.—January 11, 1923.]

## A. H. HONEY, Respondent, v. PACIFIC AUTOMOBILE INDEMNITY EXCHANGE et al., Appellants.

[1] AUTOMOBILE INSURANCE — LOSS BY FIRE AFTER COLLISION — AMOUNT OF LIABILITY—CONSTRUCTION OF POLICY.—In a policy of insurance on an automobile indemnifying against loss or damage by collision and covering loss or damage by fire, a stipulation providing that the liability of the insurer shall be reduced by the amount of any property loss or damage until repairs have been completed or parts replaced, when it shall attach for amounts originally written, is not to be construed as reducing the liability for loss by fire after a collision by the amount paid for the loss resulting from the collision until all repairs have been completed and all parts replaced, but in the event of a fire after some of the repairs have been completed and liability incurred therefor, the insured can recover the full loss less the value of any repairs yet to be made and parts still to be replaced.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed

The facts are stated in the opinion of the court.

H. T. Morrow and David D. Stuart for Appellants.

C. Hughes Jordan, Goudge, Robinson & Hughes and F. Walton Brown for Respondent.

WASTE, J.—In this action, to recover on a policy of insurance on an automobile issued by the defendants, the plaintiff recovered judgment for $903.50 for loss occasioned by fire. Defendants appeal, claiming that their liability does not exceed the sum of $500.

Among other provisions the policy indemnified against loss or damage by collision, and covered loss or damage by fire. The maximum fire risk assumed by the insurer was limited to $1,500, in excess of $1,000 insurance permitted to be carried elsewhere. Soon after its purchase the automobile was badly damaged by collision, and the defendant

---

1. Insurance against damage to automobile by fire, note, 14 A. L. R. 199.

paid plaintiff $1,000 for the loss occasioned thereby. Plaintiff then took the automobile to a repair shop for the purpose of having the car repaired. All of the repairs were completed and all parts replaced. Mechanically the car was as good as new, according to competent testimony, and it "fell short of being equal to new in condition" only because whatever painting of the car was required had not been done. After being tested, the car was taken to a paint shop, where the fire occurred. It was partially destroyed and was eventually sold for $300. The plaintiff received $1,000 from the excess insurance carrier, and seeks in this action to recover from the defendants the balance of the loss sustained.

The plaintiff paid $2,575 for the automobile. He added to its equipment certain accessories, the total cost being $2,845. After the purchase the selling price advanced, and the cost of a car of like type and model, with the same equipment, was $2,950 at the time of the fire. Certain of the accessories, amounting in value to $147.50, were not with the car when the fire occurred. The painting job would cost $54. The court found the value of the car, with the repairs which had been completed, and the parts which had been replaced, after deducting $54 for the painting which had not been done, and the sum of $147.50 for the equipment which had been removed, to be the sum of $2,203.50. Deducting from that sum the $300 received by plaintiff as the salvage of the car after the fire, and the further sum of $1,000 paid on the loss by the carrier of the excess insurance, the court entered judgment against defendants for $903.50.

A stipulation of the policy provides that the liability of the insurer "shall be reduced by the amount of any property loss or damage until repairs have been completed or parts replaced, when it shall attach for amounts originally written." Appellants take the position that having paid the plaintiff the sum of $1,000 for the property loss and damage caused by the collision, the $1,500 liability under the policy for loss by fire was thereby reduced by that amount until *all* repairs to the automobile were completed, and *all* parts replaced. The painting not being done, and certain parts of the equipment not having been put back

in place pending the painting job, they refused to pay any sum over $500 in satisfaction of plaintiff's claim.

[1] We do not construe the quoted provision of the policy as appellants would have us do. If, immediately following the adjustment of the loss and damage suffered by reason of the collision, and the payment of the $1,000 by defendants, and before *any* repairs had been completed or *any* parts had been replaced, the fire had occurred, the contention of the appellants would be sound. Under such contingency the plaintiff would suffer a loss for which he had, to the extent of the payment of the $1,000, been already indemnified. The plaintiff contracted a liability to pay for the repairs actually made, and parts furnished. The record indicates that bills for such repairs and parts were furnished to him and that he paid or settled therefor. By assuming the position they have, appellants admit that the exact moment *all* repairs were completed and parts furnished, full liability under the policy would attach. But the provision of the policy is not that *all* repairs must be made, and *all* parts replaced. We are of the opinion that from the moment progressive repairs to the car were finally completed, and various needed parts were actually replaced, the value of the car was to that extent increased, and the liability of the insurer correspondingly extended until such time as the car was fully restored to the condition in which it was before the collision, at which time the liability would attach for the full amount originally written in the policy. What actually occurred in this case emphasizes the point. The necessary repairs to the body of the car and its fenders were made at one garage. Other repairs were done and needed parts furnished at a second. Each job was a completed transaction, for the cost of which the plaintiff became liable, and to secure payment for which, those performing the work and furnishing the parts had a possessory lien on the automobile, had they chosen to exercise it. (*Mortgage Securities Co.* v. *Pfaffmann*, 177 Cal. 109 [L. R. A. 1918D, 118, 169 Pac. 1033]; *Union Machine Co.* v. *Chicago Bonding Co.*, 36 Cal. App. 585 [172 Pac. 1113].) When, as in this case, all repairs have been made, and all damaged parts of the car have been replaced, and nothing remains to be done but a small part of the work of restoring the car

to its former perfect condition, the position of appellants becomes untenable. The fire loss suffered by plaintiff was less than the actual value of the car with repairs actually made and parts replaced. Under these circumstances the most appellants can claim is a *pro tanto* reduction of liability to the extent of the value of any repairs yet to be made, and of parts still to be replaced. The trial court was of that view. It gave appellants the benefit of such reduction and allowed the value of the accessories and equipment not destroyed by the fire. Its ruling was correct. Such construction is reasonable and just to both parties to the contract. It is not necessary, in laying down such rule of law in a case of first instance in this court, to seek to justify its assertion by recourse to the well-established principles that policies of insurance are to be construed liberally in favor of the assured and that any uncertainty or ambiguity in such contracts must be construed most strongly against the insurer. The plain reading of the provision in the policy, in the light of the purposes for which the separable contracts of indemnity against loss are intended, justifies the construction placed thereon by the lower court.

The judgment is affirmed.

Wilbur, J., Kerrigan, J., Seawell, J., Lawlor, J., and Shaw, C. J., concurred.

Rehearing denied.

All the Justices concurred.